### In re JOSEPH.

(Supreme Court, Appellate Division, First Department. April 24, 1908.)

1. ATTORNEY AND CLIENT—DISBARMENT—PROCEEDINGS—EVIDENCE — ADMISSIBILITY.

Under Code Civ. Proc. § 68, providing that an attorney cannot be suspended or removed from office until a copy of the charges has been delivered to him, and that he must be allowed an opportunity of being heard, an attorney cannot be disbarred by the Supreme Court without an independent investigation by that court; hence it cannot act on the testimony taken before a referee in the United States courts, even though he was disbarred thereon by both the United States District and Circuit Courts.

Proceeding to disbar Abraham A. Joseph, an attorney, on certain proceedings in the United States courts. Usual order of reference.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Abram I. Elkus, for petitioner.
Abraham A. Joseph, pro se.

PER CURIAM. This is an application to remove the respondent from his office as an attorney and counselor at law under sections 67 and 68 of the Code of Civil Procedure. The application is made upon certain proceedings in the United States District Court for the Southern District of New York, which resulted in an order striking the name of the respondent from the roll of attorneys, advocates, and solicitors of that court, and also upon another proceeding in the United States Circuit Court which resulted in a similar order. The charges against the respondent were fully investigated before a referee in the United States courts. The question submitted was whether this court could act upon the testimony taken in that proceeding. The respondent, however, claims his right to an independent investigation of the charges against him in this court.

Section 68 of the Code of Civil Procedure requires that, before an attorney or counselor at law is suspended or removed from his office,

a copy of the charges against him must be delivered to him personally, or by mail, or otherwise, as the court may direct, and he must be allowed an opportunity of being heard in his defense; and the Court of Appeals has held that under this section a person proceeded against can only be convicted upon evidence good at common law, delivered, if he chooses, in his presence, by witnesses subject to cross-examination. Matter of Eldridge, 82 N. Y. 161, 37 Am. Rep. 558; Matter of an Attorney, 83 N. Y. 166. It follows that the respondent is entitled, as a matter of right, to such an independent investigation by this court.

The usual order of reference will therefore be entered.

---

## ADAMS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. April 24, 1908.)

1. APPEAL—REVIEW OF EVIDENCE.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3901–3906.]

2. EVIDENCE—WEIGHT—DISCREDITED TESTIMONY.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2437.]

3. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—VERDICT — EVIDENCE.

In an action for injuries to a street car passenger by being thrown from a car by an alleged sudden jerk, evidence *held* insufficient to sustain a verdict for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1307–1314.]

Appeal from Trial Term.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.