In the Matter of SAMUEL TANZ, an Attorney, Respondent.

First Department, October 9, 1931.

*Einar Chrystie*, for the petitioner.

*William S. Siemon*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law of the State of New York at a term of the Appellate Division, First Department, in October, 1913. By the petition herein he is charged with professional misconduct in that he violated the terms of an escrow agreement of which he was trustee.

The matter was referred to an official referee to take testimony

respecting the charge and to report the same to this court, with his opinion thereon. The learned referee has reported, finding the respondent guilty as charged. This finding was predicated upon the fact that in an action in the Municipal Court brought against this respondent to recover the amount deposited with him as trustee under the escrow agreement herein involved, judgment was rendered against the respondent. In that action the chief issue litigated was the defense set up by the respondent, namely, that he had first obtained the consent of the attorney for the plaintiff in that action before paying over the fund which he held as trustee in escrow. In this proceeding the respondent relies upon the same claim. The referee held that the judgment in the Municipal Court action was *res adjudicata* of this question.

In a proceeding of this nature this court is not compelled to accept the decision rendered in a civil action in the Municipal Court but may examine the facts anew. (*Matter of Eldridge*, 82 N. Y. 161; *Matter of Joseph*, 125 App. Div. 544.) The question involved is not whether the respondent is legally liable for the amount which he disbursed in violation of the escrow agreement, but whether he is guilty on the issues in the disbarment proceeding. If the issue was whether the respondent was guilty of a criminal charge made against him growing out of the same transaction, it would be clear that the determination of the civil action would not be binding or *res adjudicata* in this court upon the issue of disbarment.

It is accordingly directed that the matter be referred to another official referee to take testimony concerning the charge and report the same to this court with his opinion thereon.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Reference ordered to Hon. Frederick Spiegelberg, official referee.