In the Matter of Samuel Tanz, an Attorney, Respondent.

First Department, November 11, 1932.

*Einar Chrystie*, for the petitioner.

*William S. Siemon*, for the respondent.

Finch, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on November 5, 1913, at a term of the Appellate Division of the Supreme Court, First Department.

By the petition herein the respondent was charged with professional misconduct substantially as follows:

That in the month of October, 1929, the respondent represented one Mary Toporoff in the sale of the H. M. R. Stationery Co., Inc.,

to Minerva Cohen. In connection with said sale there was deposited with the respondent by Minerva Cohen the sum of $200, pursuant to an escrow agreement which provided that the money was to be turned over to Toporoff " when there is secured a paid franchise tax receipt of the H. M. R. Stationery Co., Inc., and a waiver from the State Comptroller in the Estate of Rose Toporoff and when any and all necessary liens and encumbrances are removed from the shares of stock of the H. M. R. Stationery Co., Inc., held in the name of the deceased Rose Toporoff." It was further provided in said agreement that said receipts and waivers or copies thereof should be presented to Philip Bassewitz, whc was the attorney for Minerva Cohen, within a period of four months from the date of the agreement and that in the event that said receipts and waivers were not secured and the liens removed, the said sum of $200 was to be returned to Minerva Cohen. It is further alleged in the petition that on November 16, 1929, the respondent, in violation of the terms of the escrow agreement and without the knowledge or consent of Minerva Cohen or her attorney, paid over to Toporoff the sum of $133.50 and kept the balance of $66.50 in payment of his services rendered to Toporoff. It is further alleged that at the expiration of four months suit was brought against the respondent by Minerva Cohen and that after a trial upon the merits judgment was entered for the plaintiff against the defendant, respondent herein, for the sum of $227.32; that execution was issued upon said judgment and returned unsatisfied.

The respondent answered, admitting all the allegations of the petition, except that respondent denied he had not received the consent of Bassewitz, the attorney for Minerva Cohen, to the payment over of said fund, and in defense alleged that he had in fact obtained such consent.

The matter was referred to an official referee to take testimony respecting the charge and to report the same to this court with his opinion thereon.

The learned referee duly reported, finding the respondent guilty as charged. This finding was predicated upon the fact that in an action in the Municipal Court brought against this respondent to recover the amount deposited in escrow under the agreement herein involved, in which action the chief issue litigated was the defense relied upon herein, judgment was rendered against the respondent.

In a proceeding to punish for professional misconduct this court held that the respondent should not be concluded by a judgment in a civil action holding him legally liable for the amount in question. The matter accordingly was sent to another referee for rehearing and report. (233 App. Div. 300.)

The latter has duly reported, finding the respondent guilty as charged. The matter is now before this court upon motion of the petitioner for confirmation of the report of the referee.

As noted, the one issue involved herein is the simple issue of fact whether or not Bassewitz, the attorney of Minerva Cohen, consented that the respondent pay over to his client the $200 deposited in escrow. The respondent testified that he had represented to Bassewitz that his client, who was related to him, had been importuning him for this money and that no franchise taxes or other liens in fact existed against the property. The respondent, therefore, besought Bassewitz to obtain from his client Cohen the release of the $200 deposited in escrow. Respondent further testified that Bassewitz at first refused so to consent or to procure the consent of his client, but finally did on November 12, 1929, give such consent in a conversation over the telephone, at the solicitation of both the respondent and his brother Louis. Both Minerva Cohen and Bassewitz testified to the numerous requests of the respondent to be released and their refusals to comply except upon proof that there was no tax or other liability against the assets of the stationery company. Bassewitz denied that he had consented to the payment over of the $200.

The respondent depends entirely upon his own testimony and that of his brother to sustain his contention that such consent was given.

Upon the written record, supplemented by a careful analysis of the testimony in the report of the referee, but one conclusion can fairly be reached and that is that respondent is guilty.

It is urged now that the agreement of escrow was void because impossible of performance in that there were in fact no taxes or incumbrances, and hence no waiver could be procured of that which had no existence. Even if this claim could be held true in fact, such argument would still be quite beside the issue involved. Did Bassewitz consent to the release of the $200, is the only issue herein. All the attendant circumstances belie testimony of the respondent and his brother that such release was given. According, to the respondent's own version of the conversation, the oral consent of Bassewitz was to be evidenced by a release in writing. Although no such writing was received, the respondent divided the $200 between his client and himself without notice to Bassewitz or reminder of his alleged promise to send a release. On December 21, 1929, Bassewitz wrote the respondent that he would be held to strict accountability under the terms of the escrow agreement. To this letter the respondent made no reply. Such silence in human experience is incompatible with the existence of the alleged consent

of Bassewitz. It is unnecessary to refer at length to the many inconsistencies in the testimony of the respondent and of his brother. (The latter was not called as a witness in the Municipal Court action or at the hearing before the committee on grievances or at the previous hearing of this proceeding.) It is sufficient to state that the finding of the learned referee is fully sustained by the record.

The respondent committed a deliberate breach of a written trust and then attempted to obscure the truth. He should be suspended for a period of two years, with leave to apply for reinstatement at expiration of that term upon proof of his compliance with the conditions incorporated in the order.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Respondent suspended for two years.